UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80667-Cannon/McCabe

STEPHEN SIEGAL,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C.,
and CVS PHARMACY, INC.,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendants' motion to dismiss, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 12, DE 14). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED**.

**I.      BACKGROUND**

This is a trip-and-fall case arising under Florida law. The Court accepts the following facts as true, taken from Plaintiff's Complaint. (DE 1-1). On or about September 21, 2023, Plaintiff entered a CVS pharmacy store owned and operated by Holiday CVS, L.L.C. and CVS Pharmacy, Inc. (DE 1-1 ¶¶ 4-6). While in the store, Plaintiff tripped over a black pallet used to display cases of water bottles on the endcap of a shopping aisle. (DE 1-1 ¶ 8). The pallet contained "fork openings" along its sides, indicating that it was designed and intended for industrial warehouse operations such as product storage and transportation rather than for retail display purposes. (DE 1-1 ¶ 10).

Plaintiff alleges that the pallet posed a tripping hazard to customers because it extended into the aisle walkway and blended with its surroundings, making it not visible or detectable. (DE 1-1 ¶¶ 11-12). Plaintiff alleges he tripped when his foot became caught in the fork openings of the pallet, causing him to fall hard to the ground and suffer bodily injuries, including a traumatic brain injury. (DE 1-1 ¶ 12).

Based on these allegations, Plaintiff brings the following claims:

| Count | Claim |
|---|---|
| 1 | Negligence against Holiday CVS, L.L.C. |
| 2 | Negligence against CVS Pharmacy, Inc. |

(DE 1-1 ¶¶ 18-28). This motion followed, by which Defendants seek dismissal of Count 2 pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

Defendants seek dismissal of Count 2 on four grounds, each of which the Court will address in turn.

#### A.  Redundancy with Count 1

Defendants first argue that Count 2 should be dismissed based on redundancy with Count 1. (DE 12 at 10-11). The Court disagrees and finds the two counts to be non-redundant because they name different party defendants. Count 1 names Holiday CVS, L.L.C., while Count 2 names CVS Pharmacy, Inc. (DE 1-1 ¶¶ 4-5, 18-28). At oral argument on this motion, Defendants withdrew this argument.

#### B.  Fictitious Name

Defendants next argue that Count 2 should be dismissed because Plaintiff failed to sue an actual party defendant in this count and instead sued a fictitious name. (DE 12 at 11-12). In support, Defendants provided the Court with evidence (outside the pleadings) to show that Holiday CVS, L.L.C. owns the registered fictitious name "CVS/PHARMACY #5485" according to the Florida Secretary of State. (DE 12-1). Based on this evidence, Defendants argue that Count 2 must be dismissed. *See McCready v. Villas Apartments*, 379 So. 2d 719, 719 (Fla. 5th DCA 1980) (Dauksch, C.J., concurring specially) (noting that the owner of a fictitious name is the proper party to be sued, not the fictitious name).

The Court finds this argument unpersuasive because Count 2 does not name "CVS/PHARMACY #5485" as the party defendant. Instead, Count 2 names "CVS Pharmacy, Inc." (DE 1-1 ¶ 24). The Complaint alleges that CVS Pharmacy, Inc. is a Rhode Island corporation. (DE 1-1 ¶ 5). Defendants concede the truth of this allegation in their own briefing

3

papers. (DE 12 at 11). Given that Count 2 names a corporation as the party defendant, and not a registered fictitious name, the Court rejects this argument for dismissal.

### C.     Failure to State a Claim

Defendants next argue that Count 2 should be dismissed for failure to state a claim. (DE 12 at 8-10). To state a claim for negligence under Florida law, a plaintiff must allege facts that show (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was the cause of the plaintiff's injuries, and (4) damages were sustained as a result. *See Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Further, in a general premises liability action, a plaintiff must allege facts showing two additional elements: (5) possession/control of the premises and (6) notice of the dangerous condition. *See J.L. Prop. Owners Ass'n, Inc. v. Schnurr*, 336 So. 3d 291, 297 (Fla. 4th DCA 2022); *see also Smith v. Westdale Asset Mgmt., Ltd.*, 353 So. 3d 108, 110 (Fla. 1st DCA 2022) ("In premises liability cases, a plaintiff must demonstrate that the defendant had actual or constructive knowledge of a dangerous condition on its premises, the defendant owed a duty to protect the plaintiff from this dangerous condition, the defendant breached this duty, the defendant's breach was the cause of the plaintiff's fall, and that the plaintiff suffered an injury.").

The Court has reviewed the allegations of Count 2 and finds them sufficient to survive dismissal. As to duty, Count 2 alleges that Plaintiff entered the premises as an invited member of the public. (DE 1-1 ¶ 6). *See Skipper v. Barnes Supermarket*, 573 So. 2d 411, 413 (Fla. 1st DCA 1991) (noting that "[a] possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees"). As to breach, Plaintiff alleges that CVS Pharmacy, Inc. created a tripping hazard by using a dangerous pallet as part of an endcap

4

retail display. (DE 1-1 ¶¶ 9-11, 26). As to causation and damages, Plaintiff alleges that the hazard caused him to fall hard to the ground and suffer bodily injuries, including a traumatic brain injury. (DE 1-1 ¶¶ 12, 26-28).

As to control, Plaintiff alleges that CVS Pharmacy, Inc. controls over 9,000 CVS stores, including the store at issue in this case, through policy directives and other methods of corporate management and control. (DE 1-1 ¶ 5). At oral argument, Defendants insisted that CVS Pharmacy, Inc. has no operational control, for purposes of a premises liability case, over the store at issue. As part of the briefing papers on this motion, Defendants submitted various materials to the Court (outside the pleadings) concerning the corporate relationship between the two Defendant entities and their respective roles and duties concerning the operation retail stores. Defendants may well be correct on the issue of control, but the Court cannot consider evidence outside the pleadings at this stage of the case. Instead, the Court must accept Plaintiff's allegations as true. Defendants remain free to raise these arguments at later stages of the case with the benefit of a full factual record.

As to notice, Plaintiff alleges that CVS Pharmacy, Inc. created the hazard in question by directing and permitting the pallet to be used as part of the in-store display. (DE 1-1 ¶¶ 9-11, 26). As a general rule, a plaintiff satisfies the notice requirement by showing that the defendant's own agents or employees created the hazard in question. *See Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961) (noting that notice becomes "inconsequential" when defendant's own agents or servants create the hazard); *Whitlow v. Tallahassee Mem'l Healthcare, Inc.*, No. 1D2021-3413, 2025 WL 2055192, at *1 (Fla. 1st DCA 2025) (noting that "if an owner's employee knowingly created a dangerous condition, the owner shall be deemed to have knowingly created

that condition as well and can be held liable in negligence"); *Barbour v. Brinker Florida, Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001) (noting that a premises owner has actual knowledge of a dangerous condition when its own employees or agents "create the dangerous condition"). Given that Plaintiff has alleged facts to satisfy all of the elements of a premises liability claim, the Court rejects Defendants' argument for dismissal.

> D.   Fla. Stat. § 768.0755(1)

Finally, Defendants argue that Count 2 should be dismissed pursuant to Fla. Stat. § 768.0755(1), whereby the 2010 Florida Legislature eliminated the so-called "mode-of-operation" theory in slip-and-fall cases. (DE 12 at 5-8). Prior to 2010, Florida law recognized a theory of slip-and-fall liability based on negligent mode of operation. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424-26 (Fla. 4th DCA 2014) (analyzing development of Florida slip-and-fall law). Under this theory, a defendant could be found liable based on its negligent operational practices regardless of actual or constructive notice of the alleged hazard. *See Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) (noting that "a key feature of a Florida mode of operation claim is that the company need not have notice"); *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002) ("[T]he mode-of-operation rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiffs accident.") (cleaned up).

With the enactment of § 768.0755(1), the Florida Legislature chose to foreclose this theory in slip-and-fall cases and instead require that claimants prove actual or constructive notice in every case. *See Publix Super Mkts., Inc. v. Blanco*, 373 So. 3d 1178, 1181-82 (Fla. 3d DCA 2023)

(noting that "section 768.0755 does not permit proof of liability under the negligent mode of operation theory"). The statute provides as follows:

> (1) If a person *slips and falls on a transitory foreign substance* in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1) (emphasis added); *see also McGruder*, 137 So. 3d at 424 (noting that enactment of § 768.0755 modified Florida premises liability law in two relevant respects: (1) it required plaintiffs to prove actual or constructive knowledge of the dangerous condition, and (2) it removed "mode of operation").

Defendants argue that Count 2 must be dismissed because it operates as a disguised mode-of-operation claim, intended to bypass the notice requirement. (DE 12 at 5-8). The Court finds this argument unpersuasive for two reasons. First, as discussed in Part III.C above, the Court finds that Plaintiff satisfied the notice requirement by alleging that CVS Pharmacy, Inc.'s own agents and employees created the hazard at issue. (DE 1-1 ¶¶ 9-11, 26). Given that Plaintiff satisfied the notice requirement, he has no need to bypass it with a disguised mode-of-operation claim.

Second, and at any rate, Fla. Stat. § 768.0755(1) applies, by its own terms, only to cases involving a "transitory foreign substance." Although the statute does not define this term, the Florida Supreme Court defined the term in 2002 to refer generally "to any liquid or solid substance, item or object *located where it does not belong*." See Owens v. Publix Supermarkets, Inc., 802 So.

2d 315, 317 n.1 (Fla. 2001) (emphasis added). Because Fla. Stat. § 768.0755(1) does not provide its own definition, the Court assumes the Florida Legislature intended to incorporate the common law definition previously supplied by the Florida Supreme Court. *See Sekhar v. United States*, 570 U.S. 729, 732 (2013) (noting that "[i]t is a settled principle of interpretation that, absent other indication, Congress intends to incorporate the well-settled meaning of the common-law terms it uses") (cleaned up); *State v. Yanes-Blanco*, 401 So. 3d 592, 598 (Fla. 5th DCA 2025) ("Florida courts have long presumed that the Legislature knows the meaning of words and the rules of grammar when writing our laws.").

Applying that standard here, the Court finds that a pallet intentionally placed on the endcap of retail store display does not qualify as a "transitory foreign substance" for purposes of Fla. Stat. § 768.0755(1) because it does not qualify as an "item or object located where it does not belong" within the meaning of *Owens*, 802 So. 2d at 317 n.1. In this regard, Plaintiff's cause of action does not challenge the failure to remediate a dangerous substance located where it did not belong, such as an accidental spill of liquid. Rather, Plaintiff challenges the intentional decision, in the first instance, to place the allegedly dangerous item or object, i.e., the pallet, in the allegedly dangerous location, i.e., the endcap inside the store. To the extent this constitutes a mode-of-operation claim, Plaintiff remains free to pursue this theory because Fla. Stat. § 768.0755(1) does not apply to these allegations.[1]

---

[1] Plaintiff also challenges the application of Fla. Stat. § 768.0755(1) based on the statute's use of the word "slip." Plaintiff argues this case does not involve a "slip" but instead involves a "trip." (DE 17 at 3). Given the Court's decision regarding the term "transitory foreign substance," the Court need not reach the related issue of "slip" versus "trip."

### IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the pending motion (DE 12) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of August 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE